Filed 10/10/24  Sholokhova v. Enriquez CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| YELENA SHOLOKHOVA,<br><br>    Respondent,<br><br>v.<br><br>VICTOR ENRIQUEZ,<br><br>    Appellant. | A169076<br><br>(San Mateo County<br>Super. Ct. No. 19-FAM-01592) |

Victor Enriquez challenges the renewal of a domestic violence restraining order against him, alleging that the order was issued without proper notice to him and that it violates his rights under the Second Amendment to the United States Constitution.  We affirm.

### BACKGROUND

### A.

Enriquez and Yelena Sholokhova are former romantic partners who have a child together.  In fall 2020, while the two were in the midst of a custody dispute, Sholokhova obtained a domestic violence restraining order against Enriquez.  The Domestic Violence Prevention Act authorizes the issuance of restraining orders to enjoin specific acts of abuse.  (*See Malinowski v. Martin* (2023) 93 Cal.App.5th 681, 691 (*Malinowski*).)  In issuing the restraining order here, the court

found that, by a preponderance of the evidence, "there was abuse . . . that warrants a restraining order."

**B.**

When the initial restraining order was about to expire in September 2021, Sholokhova filed a request to renew the order. A domestic violence restraining order "may be renewed, upon the request of a party, either for five or more years, or permanently, at the discretion of the court, without a showing of further abuse since the issuance of the original order." (Fam. Code, § 6345, subd. (a).) A renewal request must be brought within the three month period before the expiration of the order. (*Ibid*.)

In her renewal request, Sholokhova alleged that she continued to be fearful of Enriquez and that he had harassed her in various ways. Enriquez opposed the renewal request, disputing Sholokhova's allegations and arguing that even if true, the conduct alleged did not constitute harassment.

The hearing on the renewal request was continued, and the restraining order temporarily extended, on several occasions. On September 2, 2022, without further extending the expiration date of the restraining order, the court continued the hearing to September 21, 2022, at 2:00 p.m.

Enriquez alleges that no hearing was held at 2:00 p.m. on September 21, 2022. Instead, the court held a hearing at 9:00 a.m. on September 21 and the following day on September 22, 2022; Enriquez asserts that he did not attend these hearings because he did not receive notice of either hearing. On September 22, 2022, the court granted Sholokhova's renewal request and entered a restraining order with an expiration date of September 22, 2027.

On October 5, 2022, Sholokhova served Enriquez with a copy of the renewed restraining order.

## C.

Just over six months after the court renewed the restraining order, on April 4, 2023, Enriquez filed a request for an order to change or modify the restraining order and obtained a hearing date on his request of August 14, 2023. Pursuant to Code of Civil Procedure sections 473.5 and 473, subdivision (b)[1], he sought vacatur of the September 22, 2022 restraining order based on his lack of notice.

On August 14, 2023, the court held a hearing which Enriquez attended, received evidence, and issued a restraining order with an expiration date of August 14, 2028. Among other conditions, the order prohibits Enriquez from harassing, assaulting, or contacting Sholokhova and requires him to stay away from her person, home, workplace, and vehicle except when participating in court-ordered visitation with their child. In addition, the order bars Enriquez from owning, possessing, having, buying, receiving, or trying to buy or receive firearms or ammunition.

## DISCUSSION

Enriquez appeals from the decisions the trial court made at the August 14, 2023 hearing, asserting that the court should have terminated the restraining order. We presume that the trial court's decision is correct, and it is Enriquez's burden to demonstrate error on appeal. (*See Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) Because he has not provided a transcript of the August 14, 2023 hearing for our review, we have no way of knowing what evidence or arguments were presented at the hearing, nor do we have the benefit of any findings the trial court

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

3

made.  As a result, we presume that any matters necessary to justify the trial court's decision were so presented.  (*See ibid*.)

## A.

We affirm the denial of Enriquez's motion under section 473.5 to set aside the September 22, 2022 order.

Section 473.5 applies to requests to set aside a default or default judgment.  (§ 473.5, subd. (a).)  But no default or default judgment was entered here, so that section is inapplicable.  Even if it did apply, Enriquez's April 4, 2023 request was untimely because he filed it more than 180 days after he received notice of the order on October 5, 2022.  (*See* § 473.5, subd. (a) [providing, as relevant here, that a motion to set aside a default shall be "filed within a reasonable time, but in no event exceeding . . . 180 days after service on him or her of a written notice that the default or default judgment has been entered"].)

With respect to his statutory argument that the restraining order could not be renewed because it had already expired by September 22, 2022, we note that Enriquez did not raise this point in his motion.  Instead, the first time he raised this argument was in a supplemental brief filed only three days before the hearing.  As a result, the trial court also could have concluded that Enriquez forfeited the argument by failing to raise it in his moving papers.  (*See, e.g., People v. Romero and Self* (2015) 62 Cal.4th 1, 25 [" 'Obvious reasons of fairness militate against consideration of an issue raised initially in [a] reply brief, ' " quoting *Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11].)

## B.

Enriquez also challenges the trial court's decision to reissue the restraining order on August 14, 2023.  He contends that the court's decision to hold a hearing on the question whether to reissue the restraining order violated his due process rights

4

because he lacked notice that the court would consider evidence on the underlying merits of the order. On our de novo review of his due process claim (*see In re J.R.* (2022) 82 Cal.App.5th 569, 588), we disagree.

Enriquez requested an order to "change" or "end" the September 22, 2022 restraining order. As part of that request, he sought a hearing, stating in his motion papers: "I believe that the [restraining order] should be vacated and that I should be given the opportunity to participate in a new hearing on the matter." He obtained a hearing date and provided notice to Sholokhova that on August 14, 2023, a hearing would be held on his request to change or dissolve the restraining order.

A request to modify or terminate a domestic violence restraining order typically requires the court to consider whether "there has been a material change in the facts upon which the injunction or temporary restraining order was granted, . . . the law upon which the injunction or temporary restraining order was granted has changed, or . . . the ends of justice would be served by the modification or dissolution of the injunction or temporary restraining order." (§ 533; *Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1504; *see also Malinowski, supra*, 93 Cal.App.5th at p. 695).

Given that Enriquez requested modification or termination of the restraining order, requested an "opportunity to participate in a new hearing on the matter," and obtained a hearing date, we are unpersuaded that he lacked notice that the trial court would conduct an evidentiary hearing on the merits of the restraining order. His request to modify or terminate the restraining order placed the merits of that order at issue, as the critical question

was whether the order should be terminated or whether it should continue. We therefore reject his due process argument.[2]

## C.

Finally, Enriquez contends that the restraining order's restriction on his ownership, possession, and purchase of firearms violates the Second Amendment. Because he has forfeited this claim in the circumstances here, we decline to reach it.

The Second Amendment protects the right to keep and bear arms for self-defense. (*New York State Rifle & Pistol Ass'n, Inc. v. Bruen* (2022) 597 U.S. 1, 17 (*Bruen*).) To assess a Second Amendment claim, a court must first determine whether the individual's proposed course of conduct is protected by the text of the Second Amendment. (*Ibid.*) If so, the court must determine whether the government has demonstrated that its regulation is consistent with our nation's historical tradition of regulating firearms. (*Ibid.*) Evaluating whether a firearm regulation is "relevantly similar" to our historical tradition requires a comparison between the burdens posed by the challenged regulation and the burdens of the historical regulations, as well as a comparison between the purposes of the challenged regulation and those of the historical precedents. (*Id.* at p. 29.) The central question at the second stage of the inquiry is how and why the challenged regulation burdens the Second Amendment right to self-defense. (*Ibid.*; *see also United States v. Rahimi* (2024) 602 U.S. \_\_\_, \_\_\_ [144 S.Ct. 1889, 1898] (*Rahimi*); *People v. Anderson* (2024) 104 Cal.App.5th 577, 585.)

Here, Enriquez challenges Family Code section 6389, subdivision (a), which prohibits persons who are subject to a protective order from owning, possessing, purchasing, or

---

[2] Enriquez does not argue on appeal that the evidence was insufficient to warrant the issuance of the August 14, 2023 restraining order.

6

receiving a firearm or ammunition.  But he has forfeited his claim for two reasons.  First, Enriquez raises this claim for the first time on appeal, which is unfair to Sholokhova.  (*See People v. Tully* (2012) 54 Cal.4th 952, 979.)  Second, his briefing is wholly inadequate.  In particular, Enriquez fails to address the applicable historical analogues relied upon by the United States Supreme Court in rejecting a Second Amendment challenge to a federal statute banning firearm possession by persons subject to domestic violence restraining orders.  (*See Rahimi*, *supra*, 602 U.S. at pp. ___ - ___ [144 S.Ct. at pp. 1899-1901].)  He omits any discussion of *Rahimi*, the controlling precedent in this context.  Nor does he address *Altafulla v. Ervin* (2015) 238 Cal.App.4th 571, 581-582, which, prior to *Bruen*, rejected a Second Amendment challenge to Family Code section 6389.

**DISPOSITION**

The trial court's order is affirmed.


BURNS, J.

WE CONCUR:


JACKSON, P. J.
SIMONS, J.

*Enriquez v. Sholokhova (A169076)*